IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK C. ROKITA, JR.,                    )
                                        )
                Plaintiff,              )
                                        )
        vs.                             )        Civil Action No. 3:20-cv-186
                                        )        Judge Stephanie L. Haines
JOHN WETZEL, *et al.*,                  )
                                        )
                Defendants.             )

## MEMORANDUM AND ORDER

This is a civil rights case brought under 42 U.S.C. § 1983 by Mark C. Rokita ("Plaintiff"),

a prisoner incarcerated at SCI-Houtzdale, alleging violations of his rights under the Eighth and

Fourteenth Amendments to the Constitution and the Americans with Disabilities Act ("ADA").

Specifically, Plaintiff alleges that the Defendants have demonstrated deliberate indifference to a

serious medical need by not providing him access to a substance abuse treatment program offered

to other inmates.  This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in

accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

## I.    Background

Plaintiff filed his complaint on December 3, 2021 [Doc. 3] along with a motion for a

preliminary injunction and temporary restraining order [Doc. 4].   Plaintiff alleges that he has been

diagnosed with substance abuse disorder, and that the Defendants have refused to treat his

condition with medication-assisted treatment ("MAT") or to allow him to be seen by a substance

abuse disorder specialist [Doc. 3].  He alleges that only inmates who have become incarcerated

after 2019 are afforded the benefits of MAT treatment.   Because he has been incarcerated since

2013, the only treatment options available to him are "talk therapy," or group therapy (when not

suspended by COVID-19 protocols), which he alleges do not work for him.  Based on these alleged

facts, Plaintiff asserts claims for deliberate indifference to a serious medical need under the Eighth and Fourteenth Amendment, for disability discrimination under Title II of the ADA, and for a violation of his constitutional right to equal protection.

On December 23, 2021, Plaintiff filed a motion to appoint counsel and a motion to certify a class of similarly situated prisoners [Doc. 7]. On July 26, 2021, Magistrate Judge Pesto filed a Report and Recommendation recommending that Plaintiff's complaint be dismissed without leave to amend for failure to state a claim upon which relief can be granted [Doc. 15], and further recommending that Plaintiff's ancillary motions be summarily denied. Plaintiff timely filed objections to the Report and Recommendation on August 9, 2021 [Doc. 17].

## II.    Standard

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

## III.    Discussion

Upon de novo review of the record and the Report and Recommendation, and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of the Magistrate Judge in this matter.

As Judge Pesto reasonably found in his thorough analysis, Plaintiff has failed to state any

plausible claim upon which relief can be granted. As to his deliberate indifference claim, as Judge Pesto aptly pointed out, the case law in this circuit is clear that a "mere disagreement as to the proper medical treatment" is insufficient to state a claim for deliberate indifference. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *see also Catchings v. Marrow*, 160 F. App'x 256, 258 (3d Cir. 2005) ("mere disagreement with [prison medical staff] prescription decision[s], without more, does not state an Eighth Amendment violation."). Nor has Plaintiff stated a plausible ADA claim. Plaintiff is not alleging he is being discriminated against because of his disability. He is arguing he is being improperly treated for his disability. The ADA does not, and was not intended to, provide a remedy for challenging the treatment of a disability. *See, e.g., Rosario v. Washington Memorial Hospital*, Civil Action No. 12-1799, 2013 WL 2158584, *5 (W.D. Pa. May 17, 2013) (citing cases). Finally, Plaintiff has failed to state an equal protection claim because there are a number of conceivable purposes identified by Judge Pesto in the Report for treating with suboxone those who have been newly incarcerated as opposed to those who already have been incarcerated for a significant period of time and which can be deemed rationally related to legitimate state interests. *See Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 423 (3d Cir. 2000).

The Court has reviewed the amended complaint as well as Judge Pesto's Report and Recommendation and agrees with, and adopts, his findings and conclusions in whole. Judge Pesto thoroughly addressed each of these claims in his report, and the Court is satisfied that his rationale is sound and correct.

The Court also has reviewed Plaintiff's objections to the Report and Recommendation and finds them to be unavailing. Plaintiff still can point to no facts suggesting that he was mistreated, or not treated at all, for his substance abuse. Rather, he articulates nothing more than a fundamental disagreement with the treatment he is receiving. Such allegations are insufficient to state a claim

for deliberate indifference to a serious medical need. *See Spruill*, 372 F.3d at 235.

While Plaintiff clearly disagrees with Judge Pesto's conclusions, he still cannot point to any facts in his amended complaint which are sufficient to state any plausible claim upon which relief can be granted under the relevant standards. Accordingly, Plaintiff's objections do nothing to alter the Magistrate Judge's findings and conclusions

Finally, to the extent that Plaintiff objects to the dismissal of his claims without leave to amend, this objection likewise will be overruled. Under 28 U.S.C. §1915, a court must grant a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002); see also *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Here, Judge Pesto found, for the reasons set forth in the Report and Recommendation, that amendment of any of Plaintiff's claims would be inequitable and futile. The Court agrees.

Accordingly, the following order is entered:

## <u>ORDER OF COURT</u>

AND NOW, this 1st day of October, 2021, IT IS ORDERED that Plaintiff's objections [Doc. 17] to the Magistrate Judge's Report and Recommendation [Doc. 15], hereby are **overruled**; and,

IT FURTHER IS ORDERED, for the reasons set forth in the Magistrate Judge's Report and Recommendation [Doc. 17], which hereby is adopted in whole as the opinion of the Court as supplemented herein, that this action is **dismissed with prejudice** without leave to amend; and,

IT FURTHER IS ORDERED that Plaintiff's motion for preliminary injunction and temporary restraining order [Doc. 4] hereby is **denied**; and,

IT FURTHER IS ORDERED that Plaintiff's motion to appoint counsel [Doc. 6] hereby is **denied**; and,

IT FURTHER IS ORDERED that Plaintiff's motion to certify a class [Doc. 7] hereby is **denied**; and,

IT FURTHER IS ORDERED that Plaintiff's motion to extend time to file objections to the Report and Recommendation [Doc. 16] hereby is **denied as moot**; and,

IT FURTHER IS ORDERED that this action hereby is **dismissed with prejudice** without leave to amend.  The Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge